Case 5:10-cr-00046-MTT-CHW   Document 655   Filed 06/10/24   Page 1 of 2

AO 247 (Rev. 11/11)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

UNITED STATES DISTRICT COURT
for the
Middle District of Georgia

| | |
|---|---|
| United States of America <br> v. <br> Michael McShun Reeves <br> a/k/a "Docious" <br> Date of Original Judgment: 05/31/2012 <br> Date of Previous Amended Judgment: 01/26/2016 <br> *(Use Date of Last Amended Judgment if Any)* | Case No: 5:10-CR-00046-003 <br><br> USM No: 94346-020 <br><br> John Fox <br> *Defendant's Attorney* |

## ORDER REGARDING RECONSIDERATION OF MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821))

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the Policy Statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
  ☒ **DENIED.**   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(Complete Parts I and II of Page 2 when motion is granted)*

The defendant seeks reconsideration of the Court's April 12, 2024, Order Denying Motion for Sentence Reduction (Doc. 651) on grounds he was improperly assessed Criminal History "Status Points."

On November 1, 2023, amended Sentencing Guidelines went into effect that reduced criminal history "status points" (being under a criminal justice sentence at the time the offense is committed). USSG §4A1.1(e) reduced the number of status points assessed to one point *if* the defendant receives seven or more points under subsections (a) – (d) and was under a criminal justice sentence at the time he committed the instant offense. The defendant asserts two criminal history points were added to his criminal history score for being under a probation sentence in 2002. However, the criminal history points assessed in the defendant's case were based upon the original and probation revocation sentences imposed, pursuant to USSG § 4A1.1(b) and §4A1.2(k)(1); no criminal history "status points" were assessed under the [amended] guideline USSG §4A1.1(d). Therefore, the Amendment has no impact on the defendant's criminal history calculations.

Pursuant to USSG § 1B1.10(a)(2) (Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)), a reduction in a defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) where the amendment does not have the effect of lowering the defendant's applicable guideline range. Because the defendant's advisory sentencing range remains unchanged, his Motion for Reconsideration to Reduce Sentence (Doc. 653) is **DENIED**.

Except as otherwise provided, all provisions of the judgment dated  01/26/2016  shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  6/10/2024

S/ Marc T. Treadwell
*Judge's signature*

Effective Date: _____
*(if different from order date)*

Marc T. Treadwell, U.S. District Judge
*Printed name and title*